IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMON TERRY JEFFERY, | § | |
| TDCJ #283045, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3527 |
| | § | |
| RISSIE OWENS, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Simon Terry Jeffery is a state inmate currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Jeffery has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.  BACKGROUND

Jeffery is currently imprisoned at the Eastham Unit in Lovelady, Texas. He sues Chairman of the Texas Board of Pardons and Paroles Rissie Owens and several other members of the parole board. The gist of Jeffery's complaint is that he has been wrongfully denied early release on parole because some of his "arrests" have been expunged from his record. Jeffery complains therefore that the defendants have denied him a fair parole proceeding in violation of his right to due process and equal protection.

Jeffery seeks compensatory and punitive damages from each of the defendants. Jeffery also seeks declaratory and injunctive relief that the defendants cease using the

"expunged arrest information" against him at his parole review proceedings. The Court concludes, however, that the complaint in this case must be dismissed for reasons that follow.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review

a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

**III.   DISCUSSION**

Jeffery plainly seeks monetary damages for alleged violations of his civil rights in connection with the parole board's decision to deny him early release on parole. However, it is well settled that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The rule announced in *Heck* applies to all "proceedings which call into question the

3

fact or duration of parole." *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995)). Because the plaintiff challenges his continued incarceration as a result of the decision to deny parole, the rule in *Heck* applies to the pending complaint. Jeffery does not allege or show that the parole board's decision has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Because his allegations would, if true, necessarily imply the invalidity of his continued incarceration, Jeffery's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").[1]

**IV. CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account belonging to Simon Terry Jeffery (TDCJ #283045) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

---

[1] The Court declines to reclassify this case as a habeas corpus proceeding. Jeffery indicates that his parole was denied recently in May of 2005. It is not clear that Jeffery has exhausted his state court remedies by filing a state habeas corpus application to challenge that decision.

    3.    The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties and to the following: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-9628, fax number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **October 17, 2005.**

_____
Nancy F. Atlas
United States District Judge