IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMON TERRY JEFFERY, | § | |
| TDCJ #283045, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3527 |
| | § | |
| RISSIE OWENS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On October 17, 2005, the Court dismissed a civil rights lawsuit filed by the plaintiff, state inmate Simon Terry Jeffery. The plaintiff has filed a notice of appeal from that decision. He has also filed a declaration of indigency, which the Court construes as an application for leave to proceed on appeal *in forma pauperis*. (Docket Entry No. 6). The plaintiff has also filed a motion for a certificate of appealability. (Docket Entry No. 7). These motions are addressed briefly below.

**A.    Motion to Proceed *In Forma Pauperis***

Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA requires prisoners filing lawsuits to pay an initial partial filing fee for all civil actions and appeals. 28 U.S.C. § 1915(b)(1). Thus, the PLRA requires prisoners to pay the balance of the full appellate filing fee ($255.00). After considering the declaration of indigency provided by the plaintiff, the Court **ORDERS** that:

1.    The application for leave to proceed *in forma pauperis* on appeal (Docket

Entry No. 6) is **GRANTED**. An initial partial filing fee is not imposed because the documentation indicates that the plaintiff lacks sufficient funds.

2.  The plaintiff shall pay $255.00, the balance of the full appellate filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The agency shall collect this amount from the plaintiff's trust account and forward it to the Court.

3.  The plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

**B.     Motion for a Certificate of Appealability**

In addition, the plaintiff requests a certificate of appealability. Because this civil rights suit is governed by 42 U.S.C. § 1983, and not the federal habeas corpus statutes, a certificate of appealability is not a prerequisite to an appeal. The plaintiff argues that it was error to dismiss his civil rights complaint without allowing him an opportunity to amend. He does not provide an amended complaint or suggest how an amendment would have cured the deficiency in this case. To the extent that the plaintiff's motion for a certificate of appealability seeks relief from the final judgment on this ground, it is **ORDERED** that his motion (Docket Entry No. 7) is **DENIED**.

**The Clerk will send copies of this order to the parties, to TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-**

**437-4793.**

SIGNED at Houston, Texas, on **December 6, 2005.**

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge